UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRET SMITH, | CASE NO. C17-6019 BHS-DWC |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| RONALD HAYNES, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 34), and Plaintiff's objections to the R&R (Dkt. 37).

On December 6, 2017, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed Respondent to file and serve an answer on or before January 26, 2018. Dkt. 4. By January 19, 2018, Petitioner had filed fifteen motions requesting that his criminal conviction be voided and that summary judgment be granted in his favor. Dkts. 7, 10, 12–13, 16–20, 22–24, 27, 29–30. Petitioner also filed two motions requesting that default judgment be granted against Respondent. Dkts. 19, 23.

On January 25, 2018, Judge Christel entered the R&R. Dkt. 34. The R&R recommends denying all of Petitioner's motions in light of the fact that the time for the Government's answer to the petition had not yet elapsed and the relevant state court records had not yet been filed with the Court for review. On February 2, 2018, Petitioner objected to the R&R. Dkt. 37.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Petitioner objects to the R&R, arguing that the state court in which he was convicted lacked jurisdiction over his conviction proceedings due to the absence of a valid charging document. Dkt. 37 at 1–2. He also argues that the R&R wrongly ignores his allegations of an "iphone hijinx [sic], medical fraud, perjury, theft, extortion, etc." *Id.* at 2. He complains that the Court is taking the matter of his § 2254 petition "lightly." Dkt. 37 at 1.

To the contrary, the R&R is not taking the petition lightly. Rather, the R&R is requiring that the Court be presented with all the necessary records and information to reach a decision on the § 2254 petition. As noted in the R&R:

> When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.

*Swan v. Peterson*, 6 F.3d 1373, 1378 (9th Cir. 1993) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 633 (1993); *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983)).

The Court would be taking these proceedings "lightly" if it were to vacate Petitioner's conviction without reviewing the record of Petitioner's conviction proceedings or affording the State an opportunity to respond to his petition.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Petitioner's motions (Dkts. 7, 10, 12–13, 16–20, 22–24, 27, 29–30) are **DENIED**.

Dated this 14th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge